**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PPS DATA, LLC,

    Plaintiff/Counterclaim-Defendant,

vs.                                                 Case No. 3:11-cv-273-J-37TEM

ALLSCRIPTS HEALTHCARE SOLUTIONS,
INC.,

    Defendant/Counterclaim-Plaintiff.

**ORDER**

This matter is before the Court on the following:

1. Plaintiff PPS Data, LLC's Motion to Dismiss Counterclaims (Doc. No. 104), filed August 16, 2011;

2. Plaintiff PPS Data, LLC's Motion for Hearing on Motion to Dismiss Counterclaims (Doc. No. 105), filed August 16, 2011;

3. Defendant Allscripts Healthcare Solutions, Inc.'s Response to Plaintiff's PPS Data, LLC's Motion to Dismiss Counterclaims (Doc. No. 106), filed August 30, 2011;

4. Defendant Allscripts Healthcare Solutions, Inc.'s Response to Plaintiff's Motion for Hearing (Doc. No. 107), filed August 30, 2011;

5. Plaintiff PPS Data, LLC's Motion for Leave to File Second Amended Complaint (Doc. No. 114), filed December 8, 2011;

6. Plaintiff PPS Data, LLC's Motion for Hearing on Motion for Leave to File Second Amended Complaint (Doc. No. 115), filed December 8, 2011;

7. Defendant Allscripts Healthcare Solutions, Inc.'s Response in Opposition to

>
> Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 116), filed December 22, 2011); and

8. Defendant Allscripts Healthcare Solutions, Inc.'s Response to Plaintiff's Motion for Hearing on Motion for Leave to File Second Amended Complaint (Doc. No. 117), filed December 22, 2011.

In this order, the Court first considers Plaintiff's two motions for hearing. The Court then disposes of Plaintiff's Motion for Leave to Amend the Complaint. Finally, the Court takes up Plaintiff's Motion to Dismiss Defendant's Counterclaims.

## PLAINTIFF'S MOTIONS FOR HEARING

The issues raised in Plaintiff's Motion to Dismiss (Doc. No. 104) and Motion for Leave to File Second Amended Complaint (Doc. No. 114) do not require a hearing. The Court, therefore, denies Plaintiff's Motions for Hearing. (Doc. Nos. 105, 115.)

The Court advises counsel that Local Rule 3.01(j) requires requests for oral argument to accompany the motion, opposing brief, or legal memorandum on which counsel would like oral argument. Although the language of the rule is rather ambiguous, the general practice of bar of the Middle District is to include such a request in the motion, brief, or memorandum under a separate heading (similar to the presentation of counsel's Local Rule 3.01(g) certification and certificate of service). A separate Motion for hearing is neither necessary nor encouraged.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff seeks leave to amend its patent infringement complaint out of time. (Doc. No. 114.) In its First Amended Complaint, which was filed July 22, 2011, Plaintiff alleges that Defendant is infringing certain claims of U.S. Patent No. 6,343,271 (the " '271 Patent")

by selling its "MyWay" system.  (Doc. No. 102.)

More than a month following the deadline set by the Court for the parties to amend the pleadings, Plaintiff moved to amend its complaint pursuant to Federal Rule of Civil Procedure 15.  The proposed second amended complaint seeks to "add two additional claims for patent infringement against Defendant Allscripts Healthcare Solutions, Inc. ("Allscripts") based upon PPS' recent discovery of Allscripts' infringement of U.S. Patent Nos. 6,341,265 ("the '265 Patent") and 7,194,416 ("the '416 Patent")."  (Doc. No. 114, p. 1.)  Plaintiff advises the Court that it "discovered Allscripts' 'Payerpath' suite of products and/or systems" as a result of this lawsuit and, after "a brief, but thorough, investigation" of publically-available information, determined that the Payerpath system infringed various claims of the patent asserted in the First Amended Complaint as well as the '265 Patent and the '416 Patent.  (*Id.* at 2.)

## Applicable Standards

In reviewing motions for leave to amend courts are guided by Rule 15(a)'s instruction that ordinarily leave is to be "freely given when justice so requires."  *See* Fed. R. Civ. P. 15(a).  As discussed in *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998), however, parties seeking to amend a pleading must also comply with scheduling deadlines and other requirements which the Court may establish pursuant to Rule 16.[1]

---

[1] *See also Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279, 1283 (M.D. Ala. 2004) (noting that "[i]t is only after the court addresses whether the proposed amendment may be granted under Rule 16 that the court is to determine whether it is proper under Rule 15"); *Morrison v. Exxonmobil Corp.*, No. 1:03-cv-140, 2006 WL 42142, at *3 (M.D. Ga. Jan. 6, 2006) (stating that "[w]hen a motion to amend is filed after a scheduling order deadline, . . . Rule 16 is the proper guide for determining whether a party's delay may be excused"); *Richardson v. Georgia Pacific Corp.*, No. 04-0293, 2005 WL 1278833, at *1 (S.D. Ala. May 26, 2005) (remarking that "[a] motion for leave to amend filed after the deadline for amending pleadings set forth in the scheduling order is governed

*See* Fed. R. Civ. P. 16(b). As the Eleventh Circuit noted in *Sosa*, this is so because if courts "considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." 133 F.3d at 1419.

Thus, when a party seeks leave to amend after a scheduling order deadline has passed, the party must demonstrate good cause for the untimely amendment under Rule 16(b) before the court may consider whether the proposed amendment is proper under Rule 15. To establish good cause the party must show that the scheduling deadlines could not have been met despite the party's diligence as to the matter that is the subject of the motion to amend. *Id.* at 1418. "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002). The Eleventh Circuit has directed district courts to consider three factors when ascertaining a party's diligence: "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Id.* (citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998)).

## Discussion

The gist of Plaintiff's Motion for Leave to Amend is that Plaintiff "only recently discovered" Defendant's Payerpath system. Defendant contests the veracity of that statement. The Court need not address that particular disagreement because it is clear

---

by the stricter standard for amendment set forth in Rule 16(b) rather than the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a)").

4

that Plaintiff has failed to show it diligently investigated the services provided by Defendant, and failed to show good cause why it should be permitted to make the sweeping changes proposed in its amended pleading.

To meet its burden regarding diligence, Plaintiff must show that the Payerpath system must be not only newly discovered, but it also could not have been discovered prior to the expiration of the scheduling deadline by proper diligence. *See Payne v. Redmond Park Hosp., LLC*, 394 F. App'x 601, 603 (11th Cir. 2010). As Plaintiff admits in its Motion, its investigation consisted of researching the publically-available materials regarding Defendant's Payerpath system. There is no showing or argument that these materials were not available prior to expiration of the scheduling deadline, and no showing or argument as to why plaintiff failed to investigate such materials prior to the expiration of the scheduling deadline. Plaintiff's failure to ascertain facts prior to the Court's deadline and the ready availability of the materials used by Plaintiff in support of its proposed amended pleading both counsel against a finding of due diligence.

Moreover, the Court notes that the proposed amendments appear to be more than inconsequential. Plaintiff seeks to inject contentions regarding over 50 new claims of two patents that have not been previously asserted against Defendant in this action. The proposed claims also appear to drop Plaintiff's allegations against Defendant's MyWay service altogether and replace them with allegations brought solely against the Payerpath system. It is too late in the day for the wholesale changing of Plaintiff's claims.

Therefore, the Court concludes that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 114) should be denied.

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

In this patent infringement case, Defendant served an answer to Plaintiff's First Amended Complaint and brought two counterclaims. (Doc. No. 103.) The counterclaims consisted of nine numbered paragraphs setting forth certain allegations, a jury demand, and a prayer for relief. The first five paragraphs identify the parties and provide the basis for venue and jurisdiction. They are sparse and mostly conclusory.

Defendant's first counterclaim begins with the sixth paragraph, which does nothing more than incorporate by reference the first five paragraphs. The entire basis for Defendant's first counterclaim is contained within the seventh paragraph, which states:

> Allscripts has not infringed and is not infringing the '271 patent nor has it contributed to the infringement of or actively induced other to infringe the '271 patent. Allscripts seeks a declaratory judgment that Allscripts has not committed any acts of infringement, contributed to the infringement of, or induced infringement of the '271 patent.

Defendant's second counterclaim is similar. The eighth paragraph incorporates by reference the first five paragraphs. The entire basis for Defendant's second counterclaim is contained within the ninth paragraph, which alleges:

> The '271 patent, and one or more of the claims thereof asserted against Allscripts by Plaintiff, is invalid for failure to meet the requirements of the patent laws of the United States, including at least one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 116.

Plaintiff moves to dismiss, and argues that the allegations quoted above contain no factual allegations. (Doc. No. 104.) Defendant contends that its allegations are sufficient. (Doc. No. 106.)

<u>Applicable Standards</u>

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

6

"[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## Discussion

The Court cannot conclude, given the sparse and formulaic recitation of its counterclaims, that Defendant's allegations satisfy the pleading standards announced in *Iqbal* and *Twomlby*. The two paragraphs asserted by Defendant are bald assertions, devoid of fact. The seventh paragraph, which purports to bring a claim for declaratory judgment of non-infringement, does not even contain the limited factual information provided in Form 18. That form, which is appended to the Federal Rules of Civil Procedure, identifies (1) the patent at issue, and (2) the alleged infringing product. No product or service is alleged to be non-infringing in Defendant's counterclaim. Defendant's claim, in contrast, seeks a generalized holding of non-infringement – relief which is not cabined by conduct, an accused product, or a relevant time period. This Court will not give

7

Defendant a judicial imprimatur that all of its products, services, and conduct are "ok." [2]

The allegations contained in paragraph nine fair no better. Defendant asserts no factual allegation on which this Court or Plaintiff can pin the invalidity of any claim of the patent. Further, Defendant's reference to a laundry list of statutory defenses does nothing to place the patent holder on notice of the legal basis of the invalidity challenge. The Patent Act contains over twenty possible defenses. *Panduit Corp. v. Denninson Mfg. Co.*, 810 F.2d 1561, 1570 (Fed. Cir. 1987). A fleeting reference to all (or most) of these defenses does not rise to the level of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

For these reasons, Plaintiff's Motion is well-taken.

## CONCLUSION

In view of the above, the Court

(1) **GRANTS** Plaintiff PPS Data, LLC's Motion to Dismiss Counterclaims (Doc. No. 104);

(2) **DENIES** Plaintiff PPS Data, LLC's Motion for Hearing on Motion to Dismiss Counterclaims (Doc. No. 105);

(3) **DENIES** Plaintiff PPS Data, LLC's Motion for Leave to File Second Amended Complaint (Doc. No. 114), filed December 8, 2011; and

(4) **DENIES** Plaintiff PPS Data, LLC's Motion for Hearing on Motion for Leave to File Second Amended Complaint (Doc. No. 115).

---

[2] The product accused by Plaintiff is Defendant's MyWay service. If Defendant places additional services or products at issue in its re-pled declaratory judgment counterclaim, it would be reasonable and fair, as well as an efficient use of judicial resources, to permit Plaintiff to bring reciprocal claims of patent infringement.

Defendant may, on or before January 31, 2012, file and serve an amended answer and counterclaim.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on January 25, 2012.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record